STATE of Iowa, Plaintiff–Appellee,

v.

Gideon David IHDE, Defendant–
Appellant.

No. 93–1943.

Court of Appeals of Iowa.

March 30, 1995.

Jeffrey Stein, Stein Law Office, Marshalltown, for appellant.

Thomas J. Miller, Atty. Gen., Mary Tabor, Asst. Atty. Gen., Diann Wilder–Tomlinson, Co. Atty., and Raymond L. Reel, Asst. Co. Atty., for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Gideon David Ihde appeals the order requiring him to pay restitution in the amount of $99,930.14. Defendant pled guilty to theft in the second degree in violation of Iowa Code sections 714.1(1) and 714.2(2) (1991) in connection with the theft of money and merchandise from Casey's General Store in LeGrand, Iowa, where he was employed. Defendant contends the trial court erred in: (1) ordering him to pay restitution for amounts allegedly taken in a time frame greater than the time frame that formed the basis for the charge against him; (2) awarding restitution based on an expectancy of profits rather than an actual provable loss; (3) setting restitution at the full amount the injured party sought when the State's witness admitted an error in computation; and (4) in assessing the full amount of the victim's business losses only to him. We affirm in part, reverse in part, and remand.

Restitution in Iowa is a creature of statute. We, therefore, look to those portions of the chapter dealing with victim restitution applicable to the issue. Iowa Code chapter 910 provides, in applicable part:

910.1 Definitions.

As used in this chapter, unless the context otherwise requires:

. . . .

2. "Pecuniary damages" means all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event, . . .

3. "Restitution" means payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution. Restitution also includes the payment of crime victim assistance reimbursements, court costs, court-appointed attorney's fees or the expense of a public defender, and the performance of public service by an offender in an amount set by the court when the offender cannot reasonably pay all or part of the court costs, court-appointed attorney's fees or the expense of a public defender.

4. "Victim" means a person who has suffered pecuniary damages as a result of the offender's criminal activities. However, for purposes of this chapter, an insurer is not a victim and does not have a right of subrogation.

Iowa Code §§ 910.1, 910.1(2), 910.1(3), and 910.1(4) (1991).

■ The sentencing judge performs two functions in entering a restitution order. First, the judge determines the damage caused by the defendant's actions. Second, the judge fashions a reasonable method of payment.

■ The rationale of restitution under criminal law is similar to the rationale of tort under civil law. *See State v. Mayberry*, 415 N.W.2d 644, 645–46 (Iowa 1987). A wrong has been done. A person has been injured or property damaged. The victim deserves to be fully compensated for the injury by the actor who caused it. *See id.* The literal language of section 910.2 requires the court to first order restitution of the victim in full. *State v. Haines*, 360 N.W.2d 791, 797 (Iowa 1985). The victim is entitled to full restitution to the extent of the damage caused by the crime. *Mayberry*, 415 N.W.2d at 645; *see also State v. Harrison*, 351 N.W.2d 526, 528 (Iowa 1984).

■ The restitution order must rest on "a causal connection between the established criminal act and the injuries to the victim." *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989). This causal connection is essentially the tort element of proximate cause. *Id.; State v. Starkey*, 437 N.W.2d 573, 574 (Iowa 1989). This connection must be shown under "some civil theory such as fault or intentional tort." *Id.* The damage must have been caused by the offender's criminal act to justify the restitution order. *See Holmberg*, 449 N.W.2d at 377–78.

■ Once the causal connection is established by a preponderance of the evidence, "the statute allows recovery of 'all damages' ... which the state can show by a preponderance of the evidence." *Id.* at 377. A restitution order is not excessive "if it bears a reasonable relationship to the damage caused." *Mayberry*, 415 N.W.2d at 647.

The relationship between damage caused by the criminal act and the restitution order must be shown by a preponderance of the evidence.

■ In reviewing the amount of a restitution order fixed by a trial court, we need to determine whether the trial court applied the correct law in fixing damage, *see State v. Petrie*, 478 N.W.2d 620, 622 (Iowa 1991), and whether there is substantial evidence supporting the damages awarded. *See State v. Kaelin*, 362 N.W.2d 526, 528 (Iowa 1985).

■ The trial court then has discretion as to defendant's ability to pay court costs and attorney fees or to impose community service in lieu of monetary payments to the crime victim's assistance program, court costs, and any court-appointed attorney fees to the extent he or she is reasonably able to do so. *See* Iowa Code § 910.2 (1991). In order to show an abuse of discretion, one must show the court exercised its discretion "on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976); *State v. Wagner*, 484 N.W.2d 212, 214–15 (Iowa App.1992).

We first address defendant's claim the restitution order provided for restitution for goods allegedly stolen during a period for which he was neither charged, pled guilty, or admitted guilt.

■ The trial information charged defendant with a theft that occurred between December 1, 1991, and April 30, 1992 (a five-month period). Defendant pled guilty to this charge and agreed the minimum restitution for cash and merchandise taken during the period should be $5000.

The restitution was based on a proof of loss from July 1989 to April 1992. Defendant contends his restitution can only be set on money taken from December 1, 1991, to April 30, 1992, the period the charge was alleged to have occurred.

Defendant pled guilty to taking money from December 1, 1991, to April 30, 1992. Defendant only agreed to pay restitution for the money and goods taken during the period for which he was charged. In *Petrie*, 478

N.W.2d at 622, the court said, "where the plea agreement is silent regarding the payment of fees and costs, that only such fees and costs attributable to the charge on which a criminal defendant is convicted should be recoverable under a restitution plan." We distinguish *State v. Moore*, 500 N.W.2d 75 (Iowa 1993), where defendant admitted involvement in all charges filed even though he only pled to some. There is no evidence defendant was charged for a longer period or admitted involvement for the longer period. We agree with defendant he should only be ordered to pay restitution for the period from December 1, 1991 to April 30, 1992. We remand to the trial court to modify its order to fix restitution for that period.

■■■ We next address defendant's complaint the amount of restitution was determined based on expectancy of profits rather than actual loss. The restitution amount must be in accord with the damages caused by the crime. *Wagner*, 484 N.W.2d at 215–16. There must be a causal connection between the crime defendant pled guilty to and the restitution ordered. We look to the proof required in a tort action and find the proof is sufficient. *See Palmer v. Albert*, 310 N.W.2d 169, 173 (Iowa 1981). The Iowa courts deny recovery for lost profits only when the loss is speculative, contingent, conjectural, or uncertain. *See Shinrone, Inc. v. Tasco, Inc.*, 283 N.W.2d 280, 286 (Iowa 1979). We find no error on this issue.

■■■ Defendant's last contention is the trial court failed to consider thefts done by other employees during the time period. The State counters, even if there was a participation by other employees in the embez-

zlement, our holding in *Wagner*, 484 N.W.2d at 216, teaches that it was not an abuse of discretion for the trial court to hold defendant liable for the full amount lost during his tenure on the cash register. The State has misinterpreted *Wagner*. To hold defendant liable for embezzlement done by other employees, it is necessary to show defendant was involved in a scheme or concert of action. A theft by another individual, in which defendant did not participate, is not chargeable to him under the rationale of *Wagner*. The trial court found a substantial reduction in the profit margin appeared during the time defendant had access to the cash register and no other explanation could be attributed to that reduction of profits during that period. This finding indicates the trial court found no evidence of theft by others during that period. We, therefore, reject defendant's third argument.

We remand to the trial court to determine the loss the victim incurred from December 1, 1991, to April 30, 1992. We note the victim is not limited or impaired by this proceeding to sue and recover on proper proof from defendant in a civil action. *See* Iowa Code § 910.8.

Court costs on appeal are taxed one-half to the State and one-half to defendant.

**WE AFFIRM IN PART; REVERSE IN PART; AND REMAND.**