# IN THE COURT OF APPEALS OF IOWA

No. 14-1496
Filed June 24, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

vs.

**JOSHUA ALLEN BENEDICT,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Peter B. Newell, District Associate Judge.


A defendant appeals the sentence imposed following his guilty plea. **RESTITUTION ORDER VACATED IN PART, REMAINDER OF SENTENCING ORDER AFFIRMED.**


Mark C. Smith, State Appellate Defender, and Martha J. Lucey, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Normand Klemesrud, County Attorney, and Todd Prichard, Assistant County Attorney, for appellee.


Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

Joshua Benedict appeals his sentence following his guilty plea to willful injury, in violation of Iowa Code Section 708.4(2) (2013). He asserts the district court improperly considered the effect of parole on his sentence. He also contends the district court erred in imposing restitution for a broken door and a damaged cell phone because there was no evidence that those damages were the result of his actions. We vacate the portion of the sentencing order requiring restitution for the door's damages. We affirm the sentence in all other respects.

## I.    Sentencing Factors

Benedict asserts that the district court improperly considered the effect of parole on his sentence. The district court held Benedict's sentencing hearing on September 2, 2014. At the hearing, Benedict told the court his mother was ill, asked the court for mercy, and stated his belief that five years was too much prison time. Afterwards, the court gave its reasons for the sentence. The court stated Benedict committed the offense while on probation, it was a serious crime, a crime of violence, and the presentence investigation report indicated that Benedict was at a high risk of reoffend. After informing Benedict of the ruling, the court stated:

> Now, Mr. Benedict, a five-year prison term does not mean that you will serve five years. You will serve substantially less than that. Again, you will get credit for all the time that you spent in jail on this offense. I don't anticipate that you are going to prison all that long.

Our standard of review for a sentencing decision is for an abuse of discretion. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). A sentencing decision is "cloaked with a strong presumption in its favor, and will only be

overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* at 724. Because the reviewing court "will not draw an inference of improper sentencing considerations which are not apparent from the record," our analysis is limited to the record. *Id.* 725.

Considering the effect of parole on time served is an impermissible factor in sentencing. *State v. Remmers*, 259 N.W.2d 779, 785 (Iowa 1977). In *Remmers*, the court improperly attempted to circumvent the work of the parole board by making the sentence longer in order to compensate for the likelihood of early release through parole. *Id.* at 785. However, in *State v. Vanover*, the court engaged in a conversation about how many years the defendant would likely serve in prison with a ten-year sentence. *State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997). There, our supreme court ruled that the district court committed no error by merely explaining the application of the mandatory minimum to the sentence it imposed. *Id.* at 635. That court gave several coherent reasons for the sentence given before any mention of the effect of parole on time served, which was cited as further proof of consideration of appropriate factors. *Id.*

The record in this case fails to affirmatively show that the district court improperly considered the effect of parole in sentencing. The court's statements regarding how much time Benedict would actually serve were likely prompted by Benedict's earlier comments about the length of his sentence. The court's comments served as an explanation of how parole works, placating Benedict with the reality that he would likely not serve a full five years. Like in *Vanover*, the district court here referred to the effect parole would likely have on the time

defendant actually served. *See id.*; *see also* Iowa Code § 901.5(9) (requiring the court to publicly announce the term of incarceration may be reduced for earned time and credits, and defendant may be eligible for parole before sentence is discharged). There is no evidence in the record to suggest the district court was attempting to circumvent the parole system by sentencing Benedict to a longer sentence to compensate for the effect of parole. We find the district court did not improperly consider the effect of parole in sentencing Benedict.

## II.     Restitution

Next, Benedict claims that there is no causal connection between certain restitution losses and his admitted actions constituting willful injury. The court ordered restitution for a total amount of $985: $130 to the assault victim for lost wages, $145 to the assault victim to fix her broken phone screen, and $710 to the assault victim's landlord to fix the door. Benedict disputes the charges for the victim's phone and the door. He claims because he did not admit to the facts regarding breaking the victim's phone screen and kicking down her door in the guilty plea colloquy, he is not liable for restitution for those damages. Benedict also claims restitution charges cannot be imposed on the basis of facts contained within the minutes of testimony only.

Restitution is required in all criminal cases where the defendant pleads guilty. Iowa Code § 910.1(3). The purpose of restitution is to compensate the victim for the injury. Iowa requires "a causal connection between the conduct for which the defendant is convicted and the damages the victim suffers." *State v. Starkey*, 437 N.W.2d 573, 547 (Iowa 1989).

When reviewing a restitution order, we determine whether the district court's findings lack substantial evidentiary support, or whether the district court has not properly applied the law. *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* Restitution damages are to be determined in the same manner as a civil case and will be affirmed if "within a reasonable range of the evidence." *State v. Watts*, 587 N.W.2d 750, 751-52 (Iowa 1998).

Evidentiary support for the factual basis of a guilty plea can come from the minutes of testimony. *State v. Finney*, 834 N.W.2d 46, 62 (Iowa 2013). However, *State v. Black* prohibits the district court from using the minutes of testimony to establish facts beyond those needed to establish a factual basis for the charge to which the defendant is pleading guilty. 324 N.W.2d 313, 316 (Iowa 1982). "Where portions of the minutes are not necessary to establish a factual basis for the guilty plea, they are denied by the defendant, and they are otherwise unproved, we find no basis to allow the sentencing court to consider and rely on these portions." *Id.*

If the minutes of testimony include facts to support an element of the crime to which a defendant is pleading guilty, and the defendant admits to those facts by entering his guilty plea, the court can look to the minutes of testimony to cure factual omissions. But the court cannot comb through the minutes of testimony for facts that support charges other than the charge to which the defendant is pleading guilty unless the defendant admits to facts that are not elements of the crime to which he is pleading guilty. In this case, Benedict pled guilty to willful

injury, in violation of Iowa Code section 708.4(2). The district court was permitted to look to the minutes of testimony, insofar as needed to establish the elements of willful injury. The elements of willful injury include: (1) committing an act which is not justified, (2) with the intent to cause serious injury, and (3) causing bodily injury.

The State argues that the following conversation allows the court to rely on the minutes of testimony as a factual basis for the door and cell phone damages.

> Court: Do you want to plead guilty to that Willful Injury?
> Benedict: Yes.
> Court: And you're doing that because you believe that the State could prove that charge against you?
> Benedict: Yes.
> Court: Yes? Okay. And you want to take advantage of this plea agreement and have another Class "D" Felony dismissed against you, is that correct?
> Benedict: Yes.
> Court: Okay. And can the Court rely on the Minutes of Testimony for a factual basis, Mr. Prichard?
> Mr. Prichard: Yes, Your Honor?
> Court: And can the Court rely on that for a factual basis, Mr. Kuehner?
> Mr. Kuehner: Yes, Your Honor.

Benedict's written guilty plea filed July 10, 2014, contains the following statement: "The Court may rely on the Minutes of Testimony attached to the trial information as a further factual basis for this plea." The State claims that this statement is an admission of the facts contained in the minutes of testimony. The problem with the State's argument is that in both the court's colloquy and the written guilty plea, Benedict's responses relating to the minutes of testimony are in reference to establishing the factual basis for the guilty plea, not admitting to

all contents of the minutes. Benedict cannot, however, limit the use of those facts to only the guilty plea; those facts admitted in the guilty plea and appropriately considered from the minutes may then be used in considering restitution.

Within the minutes of testimony, the landlord stated the victim told him the door was kicked in on Friday, April 25, 2014, the day of the assault, but it is not clear that the door was damaged during the assault. Officer Shirley also stated the victim told him the door was kicked in on Friday, April 25, 2014. The minutes of testimony are unclear as to when and how the victim's phone was damaged. Officer Dugan stated the victim told him the phone was damaged on Sunday, April 27, when Benedict took the phone and threw it during the victim's attempts to call 911. Officer Shirley also stated the phone was damaged on Sunday when Benedict threw it. However, Officer Cram stated the victim told him the phone was damaged as the victim attempted to call 911 on Friday, April 25. Within the guilty plea colloquy, Benedict did not admit to any facts regarding damages to the door or the cell phone.

Benedict's plea of guilty to the assault and the minutes in reference to the assault are properly considered in determining any restitution owed as a result of the assault. The district court could have reasonably inferred the victim's personal cell phone was in her possession and was damaged during the assault on April 25. Accordingly, we affirm the district court's order of restitution for $145 for repairing the assault victim's cell phone.

Although the evidence within the minutes of testimony could also support a finding that the door was damaged on April 25 during events leading up to the assault, there is no evidence that supports a finding that it was damaged during the assault. Because there is no causal connection between the specific crime to which Benedict pled guilty and the door damage, the district court's restitution order with respect to the door damage lacks substantial evidence. We vacate that portion of the sentencing order requiring restitution in the amount of $710 for fixing the door.

**RESTITUTION ORDER VACATED IN PART, REMAINDER OF SENTENCING ORDER AFFIRMED.**