# IN THE COURT OF APPEALS OF IOWA

No. 15-1223
Filed November 23, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JONATHAN KAY DAVIS,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Story County, Lawrence E. Jahn,

Judge.

    Jonathan Davis appeals from the district court's order requiring payment

of restitution for his conviction of operating while intoxicated. **REVERSED AND**

**REMANDED.**

    John L. Dirks of Dirks Law Firm, Ames, for appellant.

    Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

    Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Jonathan Davis appeals from the district court's order requiring payment of restitution for his conviction of operating while intoxicated (OWI) (marijuana), first offense, in violation of Iowa Code section 321J.2 (2013). Davis previously appealed his conviction, and we affirmed. *State v. Davis*, No. 14-1976, 2016 WL 1677591, at *1 (Iowa Ct. App. Apr. 27, 2016). After a hearing on Davis's objection to the victim's pecuniary damage statement,[1] the district court ordered him to pay total net damages of $14,000.[2] Davis now appeals, arguing the district court erred in finding the criminal conduct for which he was convicted was the proximate cause of the victim's damages and the amount of restitution ordered was not supported by substantial evidence.

After reciting applicable law, the district court made these findings regarding causation:

> First, the Court finds it was the reckless driving behavior of Davis that was the proximate and foreseeable cause of the accident resulting in damages to Miller's property. Davis, who was intoxicated at the time, recklessly drove into the lane of traffic occupied by Miller's truck and 9000-pound trailer causing Miller to strike the car driven by Davis. The resulting contact and Miller's attempts to maintain control caused Miller's truck to swerve into the median and the trailer to break loose from its hitch and flip over.

In addition to the damage to victim Miller's truck and trailer, the district court found Davis caused damage to several antique washing machines Miller was hauling in his trailer.

In this restitution proceeding, if we find no error of law, we are bound by the factual findings of the district court if they are supported by substantial

---

[1] *See* Iowa Code § 910.3; *see also id.* § 910.1(3)–(5).
[2] This is the net amount after an amending order.

evidence. *See State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). The district court applied the law correctly. Davis argues *State v. Starkey*, 437 N.W.2d 573, 574 (Iowa 1989), supports his challenge to the court's reference to reckless driving in its analysis. In *Starkey*, our supreme court held the victim's damages were not caused by the defendant leaving the scene of the accident, the charge under which the victim's damages were sought, but were caused by OWI, a charge brought in a different case in a different county. 437 N.W.2d at 574–75. In our present case, the claim was in the OWI case. It was the manner of "operating" the vehicle while intoxicated that caused the damages. The district court's findings of fact concerning intoxication are supported by substantial evidence. We further find there is substantial evidence to support the district court's conclusion the manner of Davis's operation of the vehicle while intoxicated proximately caused the damages to the victim. *See State v. Ihde*, 532 N.W.2d 827, 829 (Iowa Ct. App. 1995) ("The restitution order must rest on 'a causal connection between the established criminal act and the injuries to the victim.' This causal connection is essentially the tort element of proximate cause." (quoting *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989))). His intoxication caused him to operate his vehicle recklessly, which set in motion the events causing damages to the victim.

Davis also argues the district court improperly admitted and relied on hearsay evidence in making its findings concerning the amount of damages.

The district court had the unenviable task of trying to determine pecuniary damages while faced with what it found to be "no evidence presented as to what the fair rate for outside labor to complete the tasks [of repair]," no explanation as

to "what portion of the cost of labor and materials, if any, would be paid by insurance," and "no estimates as to the salvage value of the parts that were undamaged or repairable." In this case, the victim testified as to his opinion of the value of the damaged property and his estimates of the cost of repair. *See State v. Savage*, 288 N.W.2d 502, 504–05 (Iowa 1980) ("[A]n owner may testify as to actual value without a showing of general knowledge of market value."). The court determined the victim's valuation of his own time and his estimates of work to repair the damaged property were not reliable.

The district court admitted into evidence two e-mailed estimates obtained by the victim. The e-mails are out-of-court written assertions made by persons other than the defendant, offered into evidence to prove the truth of the matter asserted, i.e., damages. *See* Iowa R. Evid. 5.801. As such, they would ordinarily be inadmissible in evidence. *See* Iowa R. Evid. 5.802. The court relied heavily on the two e-mailed estimates, with purported foundation of the qualifications of the e-mailers provided by the victim, in determining the cost "to replace and/or restore the washing machines and the trailer to approximately the value they had prior to the accident." The e-mailed estimates were clearly hearsay, but arguably admissible, if a pecuniary damages claim for restitution is considered subject to rule 5.1101(c)(4), which provides the rules of evidence are not applicable to sentencing hearings. *See State v. Miller*, Nos. 12-1448, 12-1449, 2014 WL 1714970, at *1 (Iowa Ct. App. Apr. 30, 2014). *But see id.* at *3–5 (Mullins, J., dissenting). The estimates were prepared by persons who had been shown pictures of the damaged machines and presumably had relied on representations made by the victim; but the estimators had not examined the

machines themselves. The district court determined the estimates "appear to be from knowledgeable sources and both include labor." One estimate showed total damages of $14,575 and the other $14,000. The district court found the damages were $14,000.

Our supreme court has quoted with approval from the Restatement (Second) of Torts section 928 (Am. Law Inst. 1979):

> When one is entitled to a judgment for harm to chattels[3] not amounting to a total destruction in value, the damages include compensation for
>         (a) the difference between the value of the chattel before the harm and the value after the harm or, at his election in an appropriate case, the reasonable cost of repair or restoration, with due allowance for any difference between the original value and the value after repairs, and
>         (b) the loss of use.

*Papenheim v. Lovell*, 530 N.W.2d 668, 672 (Iowa 1995).

The district court did not make separate findings as to specific damage items but apparently accepted the lower of the two e-mailed estimates of damages. Each estimate had valued one of the washing machines as a total loss, with values of $7550 and $7500 respectively. The victim, however, had considered it repairable and was making repairs using parts he had in his possession or could obtain. There is no evidence of total destruction upon which to base a pecuniary damages award. The victim provided actual costs for parts he purchased for repairing some machines, in the amount of $414.75. He claims his time was worth $45 per hour, which the district court discredited. The remaining entries for repair estimates contain no itemization, no hourly labor

---

[3] Chattel is defined as "[m]ovable or transferable property; personal property." *Chattel*, *Black's Law Dictionary* (10th ed. 2014).

rates, and the rounded numbers appear as educated guesses rather than actual costs of repairs. There was no evidence of any difference in value before and after the damage to the machines. At the time of the hearing, there were no actual costs for restocking the new trailer. We determine the evidence presented of the cost estimates for restocking the new trailer are speculative, failing to provide any specific time itemization or hourly costs, or equipment or hardware costs.

On our review of the record and the district court's ruling, we conclude substantial evidence does not support the amount of the restitution ordered. There is substantial evidence to support the award of $414.75. We reverse and remand for entry of a temporary order for pecuniary damages as restitution to the victim in that amount. *See* Iowa Code § 910.3.

**REVERSED AND REMANDED.**