**IN THE COURT OF APPEALS OF IOWA**

No. 17-0980
Filed April 4, 2018

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DAVID CARL LOMEN,**
      Defendant-Appellant.
_____

      Appeal from the Iowa District Court for Polk County, Cynthia M. Moisan,

District Associate Judge.


      David Lomen appeals the amount of restitution ordered upon his conviction

for theft in the fourth degree. **REVERSED AND REMANDED.**



      Susan R. Stockdale, Windsor Heights, for appellant.

      Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.



      Considered by Danilson, C.J., and Vaitheswaran and Bower, JJ.

**DANILSON, Chief Judge.**

On March 23, 2017, David Lomen reached a plea agreement with the State and entered a guilty plea to theft in the fourth degree. In his written petition to plead guilty he admitted he did have possession of a stolen laptop and under the circumstances he should have known the laptop was stolen. At the time of sentencing, a supplemental order on restitution was entered, which set the amount of restitution at $1689.59. Lomen challenged the amount of restitution.

At the June 13, 2017 hearing, the owner of the laptop testified as to the original cost of the component parts and presented receipts from 2005 and 2009, claiming $1640.59 of the two receipts were for the stolen computer. The laptop had been recovered from a pawnshop and returned to the victim, who testified it no longer functioned. She testified, "It has been completely wiped. It powers on. I've spent $200 from two different people, a hundred dollars each, trying to restore it, trying to get into anything that could bring it back. And it's done, there's nothing you can do." No evidence of replacement cost was presented. The court made no findings of fact. The court entered an order, ruling, "Restitution is to be paid in the amount of $1640.59."

Lomen appeals. Our review of restitution orders is for correction of errors at law. *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004).

On appeal, Lomen challenges the amount of restitution ordered. He contends the record did not establish causation between the offense to which he pled guilty and the amount of restitution ordered. "The defendant may seek, on appeal, to have the trial court's restitution order overturned or modified. However,

the defendant must show 'a failure of the trial court to exercise discretion or abuse of discretion.'" *State v. Wagner*, 484 N.W.2d 212, 216 (Iowa Ct. App. 1992) (citation omitted). "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

The rationale for restitution under criminal law is similar to a civil recovery for torts. *See State v. Mayberry*, 415 N.W.2d 644, 645-46 (Iowa 1987). "A wrong has been done. A person has been injured or property damaged. The victim deserves to be fully compensated for the injury by the actor who caused it." *State v. Ihde*, 532 N.W.2d 827, 829 (Iowa Ct. App. 1995). Our supreme court has rejected a claim that the restitution order must be limited by the parameters of the offense to which the defendant pleads guilty, observing that the restitution order "can be extended to any amount which would be appropriate for tort recovery." *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989). However, the restitution order must rest on "a causal connection between the established criminal act and the injuries to the victim." *Id.*

Once the causal connection is established by a preponderance of the evidence, "the statute allows recovery of 'all damages' . . . which the state can show by a preponderance of the evidence." *Id.* A restitutionary order is not excessive "if it bears a real reasonable relationship to the damage caused." *Mayberry*, 415 N.W.2d at 647.

The State asserts the computer was in working order when it was stolen, Lomen admitted to exercising control over the computer, and when it was returned

to the victim, it did not work. While we do not disagree that the victim is entitled to be compensated for the loss of her computer, the State's brief offers no rationale for using the original cost of the computer components as a basis for the restitution ordered.

"The general rule in Iowa for repairs or for replacement is the fair and reasonable cost of replacement or repair, but not to exceed the value of the property immediately prior to the loss or damage." *See State v. Urbanek*, 177 N.W.2d 14, 16 (Iowa 1970); *see also Papenheim v. Lovell*, 530 N.W.2d 668, 672 (Iowa 1995) (citing with approval Restatement (Second) of Torts § 928).

No evidence was presented as to the market value of the computer before it was stolen. Nor was there evidence presented as to the cost to replace the computer. We are not persuaded the victim's cost for computer components incurred more than a decade before the defendant's possession of the stolen computer is a reasonable measure of the damages caused by Lomen exercising control of a stolen computer. An order of restitution that rests upon an improper measure of damages is clearly unreasonable. *See Mayberry*, 415 N.W.2d at 647.

Restitution should be fixed in the amount of the reasonable cost to replace or repair the computer including the amount of other damages that are otherwise causally related to the criminal activity, if any. Because the court's order of restitution was grounded upon an improper measure of damages, we reverse the restitution order and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**