# IN THE COURT OF APPEALS OF IOWA

No. 19-0327
Filed February 5, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**VALENTINO E. WHITAKER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Carroll County, Joseph B. McCarville, District Associate Judge.

        Valentino Whitaker appeals his conviction and sentence for third-degree theft. **AFFIRMED.**

        Kevin Hobbs, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

        Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**DOYLE, Presiding Judge.**

Valentino Whitaker appeals his conviction and sentence after a jury found him guilty of third-degree theft. He raises three claims on appeal. First, he challenges the sufficiency of the evidence supporting his conviction. Next, Whitaker contends he received ineffective assistance of trial counsel.[1] Finally, Whitaker challenges the portion of the sentencing order requiring him to pay $5000 in victim restitution.

### I. Sufficiency of the Evidence.

We review claims about the sufficiency of the evidence for correction of errors at law. *See State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017). We consider the record evidence in the light most favorable to the State, including all reasonable inferences that a fact finder may draw from the evidence. *See id.* We uphold the trial court's denial of a motion for judgment of acquittal if substantial evidence supports the conviction. *See State v. Harris*, 891 N.W.2d 182, 186 (Iowa 2017). "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* Evidence is not substantial if it raises only suspicion, speculation, or conjecture. *See Huser*, 894 N.W.2d at 490.

The trial court instructed the jury that to find Whitaker guilty of theft, the State had to prove Whitaker took possession or control of property that belonged to another with the intent to deprive the owner of the property. *See* Iowa Code

---

[1] Although a recent amendment to Iowa Code section 814.7 prohibits consideration of ineffective-assistance-of-counsel claims on direct appeal, it does not apply to cases pending on July 1, 2019. *See State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Because Whitaker's appeal was filed before July 1, 2019, we may address his ineffective-assistance claims.

§ 714.1 (2018). The State alleged that Whitaker took a purse belonging to Linda Beam, which Beam had inadvertently left in a shopping cart after shopping at Walmart. The purse held $5000 in cash. Whitaker challenges the evidence showing he ever possessed Beam's purse or the cash inside it.

Substantial evidence supports the finding that Whitaker took Beam's purse. The store's surveillance video shows Whitaker taking a cart from the cart return and pushing it to his vehicle. Beam's purse is visible inside the cart while Whitaker is pushing it. Although the video does not show Whitaker placing the purse inside the vehicle, it does show the vehicle's door open and the cart nearby. The purse was not in the cart when an employee later returned it to the store, and no one returned it to the store or recovered it during a search of the premises. Whitaker testified that he took the cart to hide the fact he had urinated in his pants and never saw the purse inside, but the jury was free to reject his claim. Because sufficient evidence allows a fact finder to infer that Whitaker took Beam's purse, we affirm the denial of Whitaker's motion for judgment of acquittal.

**II. Ineffective Assistance of Counsel.**

We next turn to Whitaker's claims of ineffective assistance of counsel, which we review de novo. *See Lamasters v. State*, 821 N.W.2d 856, 862 (Iowa 2012). To succeed, Whitaker must show counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Counsel breaches a duty if counsel's performance is not objectively reasonable. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017).

Whitaker first alleges his trial counsel was ineffective in cross-examining a State witness about the surveillance videos. He alleges his counsel was ill-

prepared and "appear[ed] to struggle in his own understanding of the various Walmart camera views and what the various Walmart videos showed." He claims he was prejudiced because the State's case largely rested on the video evidence, which he argues "could have easily been challenged." But the State notes that Whitaker identifies no particular questions counsel failed to ask. Because the record is inadequate to resolve this claim on direct appeal, we must preserve it for a postconviction-relief proceeding. *See State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010) (stating that if a defendant wishes to have an ineffective-assistance claim resolved on direct appeal but the record is inadequate, "the court must preserve it for a postconviction-relief proceeding, regardless of the court's view of the potential viability of the claim").

Whitaker also alleges his trial counsel was ineffective in his handling of the State's question about his prior felony convictions. When questioned by the prosecutor, Whitaker admitted he was a convicted felon. The prosecutor then asked how many felony convictions he had and Whitaker answered, "Three all ran into one." If a criminal defendant testifies, the State may attack the defendant's character for truthfulness with evidence of a criminal conviction if the probative value of the evidence outweighs its prejudicial effect. *See* Iowa R. of Evid. 5.609(a)(1)(B). But if more than ten years have passed since the defendant's conviction or release from confinement, the evidence is admissible only if its probative value substantially outweighs its prejudicial effect and the State gives written notice of its intent to use it. Iowa R. Evid. 5.609(b)(1). Whitaker argues the court abused its discretion by allowing the State to ask about if he was a felon because his convictions were more than ten years old and the testimony was both

prejudicial and irrelevant.[2]  Whitaker claims his trial counsel was ineffective by failing to move for mistrial on this basis.  The State concedes that "it appears that evidence of [one of the felonies] would not have been admitted if counsel had not agreed that the prosecution could impeach Whitaker with that conviction."  There is nothing in the record before us concerning the other two felony convictions.  Because the record about Whitaker's felony convictions is lacking, we also preserve this issue for a postconviction-relief proceeding.

### III. Victim Restitution.

Finally, Whitaker contends the district court erred by ordering him to pay $5000 in victim restitution.  He argues the State failed to show sufficient evidence that Beam was carrying $5000 in her purse when Whitaker took it.

We review challenges to the evidence supporting victim restitution for correction of errors at law.  *See State v. Hagen*, 840 N.W.2d 140, 144 (Iowa 2013). The district court's fact findings are binding if they are supported by substantial evidence.  *See State v. Shears*, 920 N.W.2d 527, 530 (Iowa 2018).  When the record contains a reasonable basis from which the court can infer the amount of restitution, we afford the district court broad discretion in determining that amount. *See id.*

The State charged Whitaker with second-degree theft for taking property that exceeded $1000 in value but did not exceed $10,000.  The jury convicted Whitaker of the lesser-included charge of third-degree theft, finding Whitaker took

---

[2] We note that Whitaker's counsel informed the court he did not object to the State asking if Whitaker had a felony conviction; his counsel only objected to the State asking which charges led to a conviction.

property valued at more than $500 but not more than $1000. But that does not limit the amount of victim restitution to $1000. *See State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989) (noting the amount of restitution ordered is not limited by the parameters of the offense to which a defendant pleads guilty). The statute instead allows the court to order restitution if the State proves by a preponderance of the evidence a causal connection between the defendant's criminal act and the damages. *See id.*

The evidence here supports a finding that Beam lost $5000 due to Whitaker's criminal act. Both Beam and her husband testified under oath that Bean was carrying at least $5000 in cash in her purse when it Whitaker took it, and their bank statements support their claim. The trial court found a preponderance of the evidence supported a finding that they incurred a $5000 loss. Based on the evidence, the court was within its discretion in so finding, and we affirm the order requiring Whitaker to pay $5000 in victim restitution.

**AFFIRMED.**