# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0480
Filed April 1, 2026

———————————

**Darwin Nele Johnson,**
Plaintiff,

v.

**Iowa District Court for Scott County,**
Defendant.

———————————

Certiorari from the Iowa District Court for Scott County,
The Honorable Korie Talkington, Judge.

———————————

## WRIT ANNULLED

———————————

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, attorneys for plaintiff.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, attorneys for defendant.

———————————

Considered without oral argument
by Schumacher, P.J., Chicchelly, J., and Bower, S.J.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Darwin Johnson, through writ of certiorari, challenges a restitution order imposed by the district court following his guilty plea to assault causing bodily injury. Johnson claims the victim's medical expenses were not causally connected to the assault. Upon our review, we affirm.

## I. Background Facts and Proceedings

During an altercation at a Davenport bar, Johnson struck N.C. in the forehead, breaking her glasses and knocking her unconscious. Johnson pled guilty to assault causing bodily injury.[1] The district court imposed a suspended 180-day sentence and placed Johnson on probation.

The district court also ordered a hearing to address restitution. During the hearing, N.C. testified that the assault by Johnson caused her to experience migraines that required medical treatment. She also had to purchase new glasses to replace the ones that broke during the incident. The State filed several exhibits detailing these costs—including medical statements and an invoice for the glasses—totaling $2,158.41.

The district court ordered Johnson to pay restitution in the amount of $2,158.41 to N.C. Johnson challenges the restitution order by writ of certiorari.

## II. Standard of Review

Our review of this certiorari case is for correction of errors at law. *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007). We interpret this standard of review "liberally." *State v. Patterson*, 984 N.W.2d 449, 456 (Iowa 2023) (citation omitted). In reviewing the court's

---

[1] Johnson also pled guilty to another unrelated charge in a separate case.

order, "we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Id.* (citation omitted).

## III.    Discussion

Iowa Code section 910.2(1) (2024) requires a defendant to pay any pecuniary damages to the victim of their offense as part of restitution. A "victim" is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 910.1(11). "Pecuniary damages" include

> all damages to the extent not paid by an insurer on an insurance claim by the victim, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium.

*Id.* § 910.1(6). It is the State's burden to establish entitlement of damages due to the victim. *State v. T.J.W.*, 2 N.W.3d 853, 858 (Iowa 2024).

"In calculating a restitution order, the district court must find a causal connection between the established criminal act and the injuries to the victim." *Bonstetter*, 637 N.W.2d at 168. "The damage must have been caused by the offender's criminal act to justify the restitution order." *Id.* "When this is established, the statute allows recovery of 'all damages' . . . [that] the State can show by a preponderance of the evidence." *State v. Holmberg*, 449 N.W.2d 376, 377 (Iowa 1989) (citation omitted).

Johnson agrees N.C. was wearing glasses that broke during the assault, and he does not challenge his responsibility to reimburse N.C. in the amount of $119.95 for the glasses, as shown by the CoolFrames Eyewear Boutique

invoice. However, he maintains he is not responsible for N.C.'s medical expenses of $2,038.46 relating to N.C.'s medical treatment after the assault, according to the Genesis Health System statement. Specifically, Johnson claims the restitution order should not include reimbursement for "the hospital bill as no proof was established that those hospital expenses were causally related to Johnson's conduct." He characterizes N.C.'s medical treatment as "far-removed" from the assault, arguing no evidence shows "that the condition treated on May 16, 2024 was related to the March 23, 2024 assault by Johnson."

N.C. testified Johnson struck her "on my forehead, my head." She explained that she did not seek medical attention right away because she was "afraid" and she "did not have insurance." However, after the assault, she began having "new symptoms," including that her "head was hurting," she "could not lift [her] head," and "[i]t was just pounding, hurting." N.C. explained "the onset was for a while" and "it was coming and going." N.C. eventually went to the emergency room on May 16, where providers determined the cause was not N.C.'s high blood pressure; "[i]t was a migraine." N.C. received treatment for the condition. N.C. acknowledged she had been treated for migraines in the past, but "[p]rior to this incident, I hadn't had a migraine in two years. I was controlled." She testified her migraines began again after "the blow to the head" by Johnson.

After considering the evidence presented, N.C.'s testimony, and the parties' positions, the district court ordered the full amount of restitution requested, stating in part:

> [Y]ou take your victim as you find them, and I realize the Defendant probably didn't know—maybe he did, but maybe he didn't know he was hitting someone with a migraine condition, but he assaulted someone, and he takes them as—as he finds them. She has a right to ensure her health.

> She has testified that the treatment was related to the assault. She's explained why she didn't seek immediate treatment. None of that prohibits the Court from granting her request.

In sum, the court determined "the medical treatment obtained by [N.C.] was related to the assault." *See State v. Ihde*, 532 N.W.2d 827, 829 (Iowa Ct. App. 1995) ("The rationale of restitution under criminal law is similar to the rationale of tort under civil law. . . . The damage must have been caused by the offender's criminal act to justify the restitution order.").

After finding a causal connection between Johnson's assault and N.C.'s symptoms and medical treatment, "the district court had broad discretion in determining the amount of restitution." *Luna v. Iowa Dist. Ct.*, No. 24-0945, 2025 WL 3022693, at *4 (Iowa Ct. App. Oct. 29, 2025); *Bonstetter*, 637 N.W.2d 161, 168 ("A restitution order is not excessive 'if it bears a reasonable relationship to the damage caused.'" (quoting *State v. Mayberry*, 415 N.W.2d 644, 647 (Iowa 1987))); *Ihde*, 532 N.W.2d at 829 ("A wrong has been done. A person has been injured . . . . The victim deserves to be fully compensated for the injury by the actor who caused it."). Substantial evidence supports the court's findings, and we find no error in the court's order. We affirm the order of restitution.

**WRIT ANNULLED.**