**Linda Lee WHITE, Appellant,**

v.

**IOWA DEPARTMENT OF
TRANSPORTATION,
Appellee.**

No. 86–673.

Supreme Court of Iowa.

June 17, 1987.

weight to the nature of the items seized. LaFave, § 3.7(a), at 87 n. 48.

Bert A. Bandstra, Knoxville, for appellant.

Thomas J. Miller, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, SCHULTZ, and CARTER, JJ.

SCHULTZ, Justice.

In this appeal petitioner challenges the authority of the Iowa Department of Transportation (DOT) to revoke her driver's license for 180 days under the provisions of Iowa Code section 321.218 (1985). On judicial review the district court affirmed the agency action. We affirm.

The pertinent facts are undisputed. On January 17, 1985, petitioner Linda Lee White was arrested and charged with operating a motor vehicle while intoxicated (OWI) in violation of Iowa Code section 321.281. Pursuant to Iowa Code section 321B.4, she submitted to chemical testing. The test results indicated a blood alcohol concentration of .188 percent. Because this result exceeded the statutory limit of ten hundredths, the DOT carried out its prescribed duty pursuant to section 321B.16 and revoked petitioner's driver's license for 180 days commencing February 6, 1985.

On March 27 petitioner pleaded guilty to and was convicted of a misdemeanor charge of interference with official acts in violation of Iowa Code section 719.1. On the basis of this plea and conviction, the county attorney moved on November 15 to dismiss the OWI charge. In the meantime, on June 8, the petitioner had been charged with driving while her license was suspended or revoked in violation of Iowa Code section 321B.38. This charge was disposed of on September 17, 1985, when petitioner pleaded guilty to the offense of driving while her license was suspended or revoked in violation of Iowa Code section 321.218, rather than section 321B.38.

On August 4, petitioner's original revocation ended. Her license was reinstated on August 6. After the DOT received notice of the September conviction, however, it again revoked petitioner's license for a period of 180 days, initially relying on section 321B.38. After petitioner informed the DOT that her plea involved section 321.218, the DOT adopted this latter section as a basis for revocation.

At issue on this appeal is the DOT's authority to revoke petitioner's license for an additional 180 day period pursuant to section 321.218. Section 321.218 provides in part:

A person whose operator's ... license ... has been ... suspended or revoked as provided in this chapter, and who drives a motor vehicle upon the highways of this state while the license ... is ... suspended or revoked commits a simple

misdemeanor. However, a person whose license ... has been revoked under section 321.209 or chapter 321B and who drives a motor vehicle upon the highways of this state while the license ... is revoked commits a serious misdemeanor. The sentence imposed under this section shall not be suspended by the court, notwithstanding section 907.3 or any other statute. *The department, upon receiving the record of the conviction of a person under this section upon a charge of driving a motor vehicle while the license of the person was suspended or revoked, shall ... extend the period of suspension or revocation for an additional like period, and the department shall not issue a new license during the additional period.*

(Emphasis added.) Despite the italicized language, the petitioner claims the DOT lacks authority under this section to extend the revocation when the original revocation was imposed under chapter 321B. To substantiate this claim she relies on the legislative history of this section, its ambiguity, a statutory limitation, and the arbitrariness of the DOT.

■ *I. Legislative history.* Until its amendment in 1984, section 321.218 (1983) applied only to drivers whose licenses were suspended under chapter 321. This section was amended, reducing the gravity of the offense of a person whose license was revoked under chapter 321 from a serious misdemeanor to a simple misdemeanor, and adding a new sentence to the section (presently the second sentence in 321.218), which provides for a second and more serious offense for those drivers whose licenses were revoked under section 321.209 or chapter 321B. *See* 1984 Iowa Acts ch. 1142, § 1 (codified at Iowa Code § 321.218 (1985)).

Petitioner urges that the primary purpose of the 1984 amendment was merely to designate the offenses rather than to grant the DOT further authority to suspend drivers' licenses in those cases involving persons suspended under 321B. We disagree.

The revision of a statute will not be construed as altering the law unless the legislative intent to change is clear and unmistakable. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976). In statutory construction we look to the objects to be accomplished and place on a statute a reasonable construction that will best effectuate its purposes. *State v. Kirklin*, 357 N.W.2d 310, 313 (Iowa 1984). In statutes relating to a penal sentence, we apply rules of strict construction, but such construction is not to be used to inject doubt when legislative intent is evident through a reasonable construction of the statute. *Id.*

The obvious purpose of section 321.218 is to remove those persons from the highway who have demonstrated a disregard for the safety of others and further have demonstrated a disregard for traffic laws by driving while under suspension. *See Krueger v. Fulton*, 169 N.W.2d 875, 878 (Iowa 1969). To advance this purpose, the legislature has enacted criminal sanctions that may not be suspended by the sentencing judge and has provided that the DOT must extend the license suspension or revocation against the violator. When section 321.218 was revised by the amendment in 1984, the change adding the class of drivers revoked under chapter 321B did not indicate a legislative intent to change the basic purpose of the section. The amendment authorized the imposition of an additional criminal sanction against persons whose licenses had been revoked under chapter 321B. The terms of the revised statute still require an extension of the period of suspension or revocation for violators convicted "under this section."

We fail to find any suggestion by the legislature that this unchanged language is limited to conviction of those persons suspended or revoked under chapter 321 and is inapplicable to the more serious criminal violation by those drivers suspended or revoked under chapter 321B. We find no basis for construing the revised statute to limit the DOT's duty to extend the revocation or suspension periods upon receiving the records of all convictions to the convictions of persons previously revoked or suspended under chapter 321. Such a construction under chapter 321B does not com-

port with the purpose of this section, and is an unreasonable interpretation. Consequently, we reject the petitioner's contention.

■ *II. Ambiguity.* The petitioner also urges that section 321.218 as amended in 1984 is ambiguous. She points out that the amendment of section 321.218, allowing the department to revoke the license of a person who had been revoked under chapter 321B is superfluous because section 321B.38 contains the same provision and allows a similar extension of a previous revocation. Additionally, she urges that the phrase "as provided in this chapter," found in the first sentence of section 321.-218, creates ambiguity because it is unclear whether the extension of a revocation should be applied to persons revoked under chapter 321B. We find no such ambiguity, however.

Statutory construction is properly invoked when a statute contains such ambiguities or obscurities that reasonable minds may disagree or be uncertain as to their meaning. *Janson v. Fulton,* 162 N.W.2d 438, 443 (Iowa 1968). We find no such uncertainty as to the meaning in section 321.218 as amended. Any redundancy or superfluity between sections 321.218 and 321B.38 does not affect the clear language of section 321.218 requiring the DOT to extend suspension or revocation of a driver's license upon receiving the record of the conviction of a person under this section. Petitioner pleaded guilty and was convicted under section 321.218 and did not appeal. In extending the previous revocation of petitioner's license, the DOT is merely carrying out the clear and unambiguous requirements of the statute.

■ *III. Limitation on period of suspension.* Petitioner claims that the action of the DOT in extending her license revocation for an additional 180 days conflicts with Iowa Code section 321.212. While section 321.212 does provide that the DOT "shall not suspend a license for a period of more than one year," this section is not applicable to an extension of a revocation under section 321.218. Section 321.212 follows and is applicable to sections 321.-

209, .210 and .211, which authorize the DOT to make mandatory revocations and suspensions under a point system. Under these sections the DOT set up a weighting system assigning to traffic convictions and offenses a number of points, based on the seriousness of the offense; section 321.212 provides a limitation on the period of suspension or revocation. This section obviously is inapplicable to other sections that specifically require a longer period of revocation. *See* Iowa Code §§ 321.281(9)(a), 321B.13, .16. We conclude that section 321.212 does not limit the DOT's authority under section 321.218 to extend a 180 day revocation for a like period of 180 days.

■ *IV. Arbitrariness.* Petitioner insists that the action of the DOT was arbitrary and capricious. This claim arises out of the DOT's denial of petitioner's request for a work permit, and not out of the extension of petitioner's license revocation. We find no basis in the record for such a claim, and therefore hold that the action taken by the DOT was not arbitrary and capricious.

In summary, we have reviewed all of petitioner's contentions although we have not addressed each one. We hold that the trial court correctly upheld the DOT's revocation and petitioner's driver's license for an additional 180 days.

AFFIRMED.