**IN THE COURT OF APPEALS OF IOWA**

No. 14-1789
Filed December 9, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**SHANNON E. BREEDEN,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.

　　　　Shannon Breeden appeals the restitution imposed at her resentencing following her guilty plea to attempted murder. **AFFIRMED.**

　　　　Mark C. Smith, State Appellate Defender, and Joseph A. Fraioli, Assistant Appellate Defender, for appellant.

　　　　Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

　　　　Heard by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Shannon Breeden appeals from her resentencing following her guilty plea to attempted murder, claiming the restitution imposed is unconstitutional because she was a juvenile at the time of the commission of the offense. We affirm the judgment and sentence entered by the district court.

In 2002, Shannon Breeden and her boyfriend murdered a woman named Paula Heiser. They attacked Heiser by hitting and punching her, and then they shoved her face into a muddy gully. Heiser's cause of death was ruled suffocation due to the inhalation of mud, and the manner of death was ruled homicide. The State charged Breeden with murder in the first degree and willful injury. Breeden subsequently pled guilty to the lesser offense of attempted murder, a class "B" felony, in violation of Iowa Code sections 902.3 and 902.9(1)(b) (2001), in exchange for her testimony against her boyfriend. Breeden was sixteen years old at the time of the commission of the offense.

The district court accepted Breeden's plea and sentenced her on the attempted murder charge to a term of incarceration not to exceed twenty-five years, with an eighty-five percent mandatory minimum.[1] Breeden was ordered to pay $150,000 in restitution to the estate of Paula Heiser,[2] pursuant to section 910.3B, as well as court costs and court-appointed attorney fees.

---

[1] At the time Breeden was sentenced, section 902.12 imposed an eighty-five percent mandatory minimum sentence for certain felonies. The legislature amended the statute in 2003 to provide for a seventy percent mandatory minimum. For purposes of this appeal, we reference the 2013 Iowa Code.

[2] Iowa Code chapter 910 provides the framework for imposition of the criminal sanction of restitution. Iowa Code section 910.1(4) defines the term "restitution" to mean the "payment of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution." Iowa Code § 910.1(4). "Pecuniary damages" include "all damages to the extent not paid by an insurer, which a victim could recover against

In 2014, Breeden was resentenced pursuant to *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014) (holding "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution"). At the resentencing hearing, the district court applied the *Miller* factors[3] and sentenced Breeden to a term in imprisonment not to exceed twenty-five years with no mandatory minimum. The court ordered Breeden to pay the "previous assessment[] for restitution"—$150,000.[4]

---

the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." *Id.* § 910.1(3). Pecuniary damages also include "damages for wrongful death and expenses incurred for psychiatric or psychological services or counseling or other counseling for the victim which became necessary as a direct result of the criminal activity." *Id.* A "victim" is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." *Id.* § 910.1(5).

Imposition of restitution is mandatory under Iowa law. *See id.* § 910.2 ("In *all criminal cases* in which there is a plea of guilty, . . . the sentencing court *shall order* that restitution be made by each offender . . . ." (Emphasis added)). "[J]udges have no discretion in Iowa to decline to impose restitution." *State v. Jenkins*, 788 N.W.2d 640, 644 (Iowa 2010). "A court is authorized to order criminal restitution pursuant to the statutes." *State v. Bonstetter*, 637 N.W.2d 161, 166 (Iowa 2001).

[3] In *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012), the Supreme Court announced a sentencing framework for juveniles who commit serious crimes rather than mandatory sentencing for all juveniles.

[4] Section 910.3B instructs the court to require an offender convicted of a felony resulting in death to pay at least $150,000 in restitution to the victim's estate. *See* Iowa Code § 910.3B(1). That section provides, in relevant part:

> In all criminal cases in which the offender is convicted of a felony in which the act or acts committed by the offender caused the death of another person, . . . the court shall . . . order the offender to pay at least one hundred fifty thousand dollars in restitution to the victim's estate if the victim died testate.

Iowa Code § 910.3B(1). The Iowa Supreme Court has held that imposition of the $150,000 assessment, although called restitution, is a fine. *See State v. Izzolena*, 609 N.W.2d 541, 549 (Iowa 2000). The court reasoned, "[T]he restitution award under section 910.3B does not only serve a remedial purpose but also serves other purposes normally associated with punishment such as retribution and deterrence." *Id.*

On appeal,[5] Breeden contends the amount of restitution she was ordered to pay as a juvenile offender "is excessive in violation of the excessive fines clause of article I, section 17 of the Iowa Constitution." *See* Iowa Const. art. I, § 17 (prohibiting the imposition of excessive fines).[6] According to Breeden, in light of

> recent Iowa and federal case law requiring consideration of age as a mitigating factor with respect to a cruel-and-unusual-punishments analysis, analysis under Iowa's excessive fines clause requires that, where the defendant is a juvenile, the court must consider the age of the defendant at the time the offense is committed.

Breeden also challenges the amount of restitution required by section 910.3B in terms of the financial burden placed on a juvenile offender.[7]

Breeden claims the court should have considered a more lenient restitution award than that mandated under section 910.3B because she was a juvenile at the time of the commission of the offense. She relies on the United States Supreme Court's ruling in *Miller v. Alabama*, 132 S. Ct. 2455, 2458 (2012) (holding a statutory schema that mandates life imprisonment without the possibility of parole cannot constitutionally be applied to a juvenile), the Iowa Supreme Court's ruling in *Lyle*, 854 N.W.2d at 400 (applying *Miller* under Iowa law), and their progeny to support her claim that the offender's age and culpability are necessary factors to consider with regard to restitution just as they

---

[5] In general, we review restitution orders for correction of errors at law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010). Insofar as Breeden raises constitutional challenges to the restitution order, however, our review of those claims is de novo. *See State v. Oliver*, 812 N.W.2d 636, 639 (Iowa 2012).

[6] Breeden does not argue separately that the restitution award constitutes an excessive fine in violation of the Eighth Amendment of the United States Constitution.

[7] We observe the Iowa Supreme Court has rejected this type of claim. *See, e.g.*, *State v. Klawonn*, 609 N.W.2d 515, 518-19 (Iowa 2000); *State v. Rohm*, 609 N.W.2d 504, 514 (Iowa 2000). "The manner in which the amount of *a particular fine impacts a particular offender is not the focus of the test.*" *Izzolena*, 609 N.W.2d at 551 (emphasis added).

are necessary factors to consider with regard to mandatory minimum terms of imprisonment.

Specifically, Breeden contends,

> While the *Miller* and *Lyle* courts applied these factors in the context of the constitutional prohibition on cruel and unusual punishments, these factors are just as relevant and necessary when considering the surrounding circumstances of the offense under a challenge to a fine on the grounds that it is excessive.[8]

Breeden requests that we vacate the restitution order and remand this case to the district court "for a determination of a more appropriate amount of restitution after a full and independent consideration of all the circumstances surrounding Breeden's commission of the offense, including her age at the time and the accompanying *Miller* factors."

Neither *Miller* nor Iowa's *Miller* progeny mention restitution or fines. *See Miller v. Alabama*, 132 S. Ct. at 2469; *Lyle*, 854 N.W.2d at 382; *State v. Null*, 836 N.W.2d 41, 72 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013); *State v. Ragland*, 836 N.W.2d 107, 121 (Iowa 2013). Moreover, the *Lyle* court made clear its holding was limited to "mandatory minimum sentences of imprisonment for youthful offenders." 854 N.W.2d at 400. We will not expand that ruling beyond its expressed scope. If the court's holding is to be expanded to include restitution in the context of a juvenile offender cruel-and-unusual punishment analysis, our state supreme court should be the court to do so. As

---

[8] We observe the supreme court has determined section 910.3B "does not on its face violate the Excessive Fines Clause of our state and federal constitutions." *Izzolena*, 609 N.W.2d at 551. In reaching this conclusion, the court recognized (1) the "substantial deference" to be given "to our legislators' choice of penalties for criminal offenses"; (2) the fact that section 910.3B "does not apply to all crimes resulting in the death of another," but "[r]ather, it applies only to felonious acts resulting in death"; and (3) the fact that section 910.3B is only applied in situations where the seriousness of the resulting harm "is unmatched in the broad spectrum of crimes." *Id.* at 549-50.

an intermediate appellate court, "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

We also reject Breeden's claim that the restitution is "unconstitutionally excessive" under the facts and circumstances of her particular case. As discussed above, Breeden has provided no authority to support her claim. Moreover, "[i]n the context of the harm caused, the gravity of offenses under section 910.3B is unparalleled."[9] *Izzolena*, 609 N.W.2d at 550. "A restitution order is not excessive if it bears a reasonable relationship to the damage caused by the offender's criminal act." *Bonstetter*, 637 N.W.2d at 165.

Finally, Breeden contends the district court erred in assessing restitution under section 910.3B and in "fail[ing] to exercise the discretion granted to it by section 901.5(14) to impose a lesser restitution amount." Iowa Code section 901.5(14) provides:

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

---

[9] At oral argument, opposing counsels discussed with the court the fact that Breeden was convicted of attempted murder, a crime which—by its definition—does not fall under section 910.3B as one that "caused the death of another." Because this "issue" was not discussed by either party prior to oral argument, we decline to address it.

Breeden claims that because she was a juvenile convicted of a class "B" felony, the court "could have assessed restitution in an amount *less* than $150,000 pursuant to Iowa Code section 901.5(14)."

This subsection was added by the legislature in 2013, following the Supreme Court's ruling in *Miller*. *See* 2013 Iowa. Legis. Serv. Ch. 42 (S.F. 288) (West) (relating to the prosecution of juveniles). It does not mention application to restitution or fines, but rather, provisions "prescribing a mandatory minimum *sentence*." *See* Iowa Code § 901.5(14) (emphasis added). Again, as stated above, neither *Miller* nor Iowa's *Miller* progeny mention restitution or fines. In the event section 901.5(14) is to be applied to restitution, our supreme court should make that determination.

We affirm the judgment and sentence entered by the district court.[10]

**AFFIRMED.**

---

[10] The contentions raised by Breeden are identical to those raised in *State v. Richardson*, No. 14-1174, 2015 WL _____ (Iowa Ct. App. Dec. 9, 2015), also filed today. We rejected *Richardson*'s contentions on appeal based on our analysis in this ruling.