**IN THE COURT OF APPEALS OF IOWA**

No. 14-1174
Filed December 9, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DIAMONAY RICHARDSON,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Mary E. Chicchelly,

Judge.

Diamonay Richardson appeals the restitution imposed following her guilty

plea to second-degree murder. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant

Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Diamonay Richardson appeals following her guilty plea to second-degree murder, claiming the restitution imposed is unconstitutional because she was a juvenile at the time of the commission of the offense. Richardson contends the amount of restitution she was ordered to pay as a juvenile offender "is excessive in violation of the excessive fines clause of article I, section 17 of the Iowa Constitution." *See* Iowa Const. art. I, § 17 (prohibiting the imposition of excessive fines). According to Richardson, in light of

> recent Iowa and federal case law requiring consideration of age as a mitigating factor with respect to a cruel-and-unusual-punishments analysis, analysis under Iowa's excessive fines clause requires that, where the defendant is a juvenile, the court must consider the age of the defendant at the time the offense is committed.

Richardson claims the court should have considered a more lenient restitution award than that mandated under Iowa Code section 910.3B (2013) because she was a juvenile at the time of the commission of the offense. She relies on the United States Supreme Court's ruling in *Miller v. Alabama*, 132 S. Ct. 2455, 2458 (2012) (holding a statutory schema that mandates life imprisonment without the possibility of parole cannot constitutionally be applied to a juvenile), the Iowa Supreme Court's ruling in *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014) (applying *Miller* under Iowa law), and their progeny to support her claim that the offender's age and culpability are necessary factors to consider with regard to restitution just as they are necessary factors to consider with regard to mandatory minimum terms of imprisonment.

Richardson also contends the district court erred in assessing restitution under Iowa Code section 910.3B and in "fail[ing] to exercise the discretion granted to it by section 901.5(14) to impose a lesser restitution amount."

The contentions raised by Richardson are identical to those raised in *State v. Breeden*, No. 14-1789, 2015 WL _____ (Iowa Ct. App. Dec. 9, 2015), also filed today. In *Breeden*, we held neither *Miller* nor Iowa's *Miller* progeny mention restitution or fines. *See Miller v. Alabama*, 132 S. Ct. at 2469; *State v. Null*, 836 N.W.2d 41, 72 (Iowa 2013); *State v. Pearson*, 836 N.W.2d 88, 96 (Iowa 2013); *State v. Ragland*, 836 N.W.2d 107, 121 (Iowa 2013); *Lyle*, 854 N.W.2d at 382. We further noted the *Lyle* court made clear its holding was limited to "mandatory minimum sentences of imprisonment for youthful offenders." 854 N.W.2d at 400. We declined to expand that ruling beyond its expressed scope, and stated if the court's holding was to be expanded to include restitution in the context of a juvenile offender cruel-and-unusual punishment analysis, our state supreme court should be the court to do so. As an intermediate appellate court, "[w]e are not at liberty to overrule controlling supreme court precedent." *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014).

Finally, with regard to Richardson's claim that the restitution is "unconstitutionally excessive" under the facts and circumstances of her particular case, as we noted in *Breeden*, Richardson has provided no authority to support this claim. "In the context of the harm caused, the gravity of offenses under section 910.3B is unparalleled." *State v. Izzolena*, 609 N.W.2d 541, 550 (Iowa 2000). "A restitution order is not excessive if it bears a reasonable relationship to

the damage caused by the offender's criminal act." *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001).

We affirm the judgment and sentence entered by the district court.

**AFFIRMED.**