# IN THE COURT OF APPEALS OF IOWA

No. 19-0231
Filed March 4, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL GENE LOFSTUEN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Bremer County, Chris Foy, Judge.

Michael Lofstuen appeals the district court's sentencing order imposing a restitution obligation. **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Greer, JJ.

**GREER, Judge.**

Michael Lofstuen appeals from his sentence for three felony drug crimes. On appeal, Lofstuen argues the district court improperly ordered him to pay restitution for surcharges, court costs, and jail fees when the amount was unknown and without considering his reasonable ability to pay. We vacate the portion of the sentencing order imposing a restitution obligation for court costs and remand for entry of a final restitution order.

### I. Background Facts and Proceedings.

In December 2018, the district court accepted Lofstuen's guilty plea to three felony drug crimes arising from his possession and distribution of methamphetamine and marijuana.[1] At sentencing, the court imposed terms of incarceration on all three counts. The court also addressed Lofstuen's restitution obligation. The court imposed but suspended fines and the applicable thirty-five percent surcharge. The court assessed a $10 DARE surcharge on two counts and a $125 law enforcement surcharge on all three counts. The court also ordered Lofstuen to pay a $4750 tax penalty under Iowa Code sections 453B.7 and .12 based on the amount of methamphetamine involved. The court ordered Lofstuen to pay court costs and correctional fees in an unspecified amount. Determining that he had the reasonable ability to pay these costs and fees, the court ordered

---

[1] He pled guilty to one count of possession of a controlled substance (more than five grams of methamphetamine) with intent to deliver in violation of Iowa Code section 124.401(1)(b)(7) (2017); possession of a controlled substance (marijuana) with intent to deliver in violation of section 124.401(1)(d); and one count of failure to affix a drug tax stamp in violation of sections 453B.1, .3, and .12.

Lofstuen to make $50 payments every thirty days. The court did not order Lofstuen to pay attorney fees, finding he lacked the reasonable ability to pay.

After the court entered the sentencing order, the clerk of court filed a combined general docket report including an itemization of court costs. The sheriff never filed a request for correctional fees, so we do not address that fee.[2] The district court did not enter any orders after the clerk of court filing. Lofstuen appeals.

## II. Standard of Review.

"We review the district court's restitution order for correction of errors at law. *State v. Roache*, 920 N.W.2d 93, 99 (Iowa 2018). "When reviewing a restitution order, 'we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law.'" *State v. Klawonn*, 688 N.W.2d 271, 274 (Iowa 2004) (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

## III. Analysis.

On appeal, Lofstuen challenges the district court's imposition of a restitution obligation for court costs, surcharges, and correctional fees without determining the exact amount and his reasonable ability to pay. The State argues his claim is not ripe for our review and that at this stage the claim is unexhausted.

In the sentencing process, the district court must order restitution "to the clerk of court for fines, penalties, [and] surcharges" without regard to an offender's

---

[2] On this record, if the sheriff decides to seek correctional fees it is unknown if the fees will be sought as restitution under Iowa Code section 356.7(2)(i) and chapter 910 or whether the sheriff will collect the fees as a civil judgment under chapter 626. *See generally State v. Gross*, 935 N.W.2d 695 (Iowa 2019).

reasonable ability to pay. Iowa Code § 910.2(1); *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019). That said, as to court costs and court-appointed attorney fees, the court can only award restitution "to the extent the offender has the reasonable ability to pay." *Albright*, 925 N.W.2d at 159. To determine the amount of court costs and attorney fees,

> The clerk of court shall prepare a statement of court-appointed attorney fees ordered pursuant to section 815.9, including the expense of a public defender, and court costs including correctional fees claimed by a sheriff or municipality pursuant to section 356.7, which shall be provided to the presentence investigator or submitted to the court at the time of sentencing.

Iowa Code § 910.3.

"In an ideal world, all amounts of restitution would be before the court at the time of sentencing." *Albright*, 925 N.W.2d at 160. But "[i]f the court cannot determine the full amount of restitution at the time of sentencing, 'the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time." *Id.* (quoting Iowa Code § 910.3). "If the court enters a temporary order, the court shall issue a permanent or supplemental order setting the full amount of restitution." *Id.* "This constellation of orders is the plan of restitution under the Code." *Id.*

> The court in *Albright* clarified when a restitution obligation is final,

> A plan of restitution is not complete until the court issues the final restitution order. Until the court issues the final restitution order, the court is not required to consider the offender's reasonable ability to pay. Restitution orders entered by the court prior to the final order are not appealable as final orders or enforceable against the offender. The reason for these orders being nonappealable or enforceable is that the final order of restitution must take into account the offender's reasonable ability to pay.

*Id.* at 160–61 (citations omitted).

Here, the court properly ordered Lofstuen to pay the surcharges and penalty without reference to his reasonable ability to pay. *See* Iowa Code § 910.2(1); *Albright*, 925 N.W.2d at 161. But as to court costs, the exact numbers remained unknown when the court entered the order at sentencing. So we vacate the portion of the sentencing order imposing a restitution obligation for court costs. We remand to the district court for consideration of Lofstuen's restitution obligation for court costs and whether he is reasonably able to pay and for entry of a final restitution order.

**IV. Disposition.**

We affirm in part and vacate in part the district court's sentencing order. We remand for entry of a final restitution order consistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**