# IN THE COURT OF APPEALS OF IOWA

No. 23-0226
Filed December 6, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOHN HOUSTON FRALEY,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Taylor County, Elisabeth Reynoldson, Judge.

John Fraley challenges a restitution order. **WRIT ANNULLED.**

Erin M. Carr of Carr Law Firm, P.L.C., Des Moines, for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Badding, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**DANILSON, Senior Judge.**

John Fraley started a fire in a burn barrel near a utility pole and left the fire unattended.  Eventually, the utility pole, owned by Lenox Municipal Utilities, caught fire.  In light of these facts, Fraley pled guilty to reckless use of fire, in violation of Iowa Code section 712.5 (2021).  The district court entered a judgment and sentencing order accepting the plea.  Following a subsequent restitution hearing, the district court issued a post-sentencing restitution order requiring Fraley to pay Lenox $1901.45 in victim restitution for replacement of the utility pole.  Fraley appeals, challenging whether Lenox is entitled to restitution.

Because the district court entered the restitution order after sentencing, Fraley can only challenge the order under Iowa Code section 901.7, *see* Iowa Code § 901.3(10), and cannot appeal as a matter of right.  *State v. Patterson*, 984 N.W.2d 449, 455 (Iowa 2023).  Instead, he can only seek appellate review by petition for writ of certiorari.  Iowa Code § 901.7(5).  Although Fraley filed a notice of appeal, we may treat that improper filing as a petition for writ of certiorari.  Iowa R. App. P. 6.108; *State v. Propps*, 897 N.W.2d 91, 97 (Iowa 2017).  We proceed as though Fraley filed a petition for writ of certiorari, grant the petition, and proceed to the merits.

"In a certiorari case, we review the district court's ruling for correction of errors at law."  *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007).  "A writ of certiorari lies where a lower . . . court has exceeded its jurisdiction or otherwise acted illegally."  *Id.* (citation omitted).  Illegality "occurs 'when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.'"  *Patterson*, 984 N.W.2d at 456 (citation omitted).

Iowa Code section 910.2(1) requires a defendant to pay any pecuniary damages to the victim of their offense as part of restitution. A "victim" is "a person who has suffered pecuniary damages as a result of the offender's criminal activities." Iowa Code § 901.1(11). "Pecuniary damages" are "all damages to the extent not paid by an insurer on an insurance claim by the victim, which a victim could recover against the offender in a civil action arising out of the same facts or event, except punitive damages and damages for pain, suffering, mental anguish, and loss of consortium." *Id.* § 901.1(6). However, "[t]he State bears the burden of proof to recover damages due [to] the victim." *State v. Roache*, 920 N.W.2d 93, 100 (Iowa 2018).

> In calculating a restitution order, the district court must find a causal connection between the established criminal act and the injuries to the victim. The damage must have been caused by the offender's criminal act to justify the restitution order. Once the causal connection is established by a preponderance of the evidence, "the statute allows recovery of 'all damages' . . . which the state can show by a preponderance of the evidence."

*State v. Bonstetter*, 637 N.W.2d 161, 168 (Iowa 2001) (omission in original) (internal citations omitted).

Fraley argues the district court erred by ordering him to pay restitution to Lenox for replacement of the utility pole, contending the evidence presented at the restitution hearing failed to establish that replacement of the utility pole was necessary due to his criminal activity. He reasons the utility pole "eventually would have been replaced regardless of the fire, so there is no causal connection between the replacement of the pole and the fire." Essentially, Fraley challenges causation. Causation is bifurcated into factual cause and scope of liability. *Roache*, 920 N.W.2d at 101. We evaluate factual causation using a "but-for" test:

> [T]he defendant's conduct is a cause in fact of the [victim]'s harm if, but-for the defendant's conduct, that harm would not have occurred. The but-for test also implies a negative. If the [victim] would have suffered the same harm had the defendant not acted negligently, the defendant's conduct is not a cause in fact of the harm.

*Id.* (first alteration in original) (citation omitted). And we apply Restatement (Third) of Torts' risk standard for scope of liability in criminal restitution determinations. *Id.* at 102. To determine whether

> the [victim]'s harm is beyond the scope of liability as a matter of law, courts must initially consider all of the range of harms risked by the defendant's conduct that the jury could find as the basis for determining [the defendant's] conduct tortious. Then, the court can compare the [victim]'s harm with the range of harms risked by the defendant to determine whether a reasonable jury might find the former among the latter.

*Id.* at 101 (second alteration in original) (citation omitted).

Taking these concepts into account, we consider whether Lenox is entitled to restitution for replacement of the utility pole. The utility pole would not have caught fire and been damaged but for Fraley starting a fire in close proximity to it. Yet Fraley argues he should not have to pay for its replacement because Lenox would have to replace the pole after it naturally deteriorated over time anyway, suggesting the fire he started was not the reason why the utility pole required replacement. But Lenox's general manager testified that the fire damaged a preservative used to treat the pole, dried and weakened the pole, and shortened the lifespan of the utility pole such that replacement was necessary after it caught on fire. The manager explained prior to the fire there were no plans to replace the utility pole nor were there any concerns about its condition other than it had a slight lean. From this, we conclude the State established factual causation. It is also reasonable to expect a defendant to pay for the replacement of an object that

caught fire after the defendant started a fire in close proximity to it and left the fire unattended. Thus, we also conclude replacement of the utility pole is within the scope of liability. Because the State established factual causation and scope of liability, it has established causation, and Lenox is entitled to pecuniary damages for the cost to replace the utility pole.[1]

As the State established causation between Fraley's reckless use of fire and the necessary replacement of the utility pole, Fraley cannot establish that the district court acted illegally by ordering restitution in the form of pecuniary damages for the cost of the pole's replacement. We annul the writ.

**WRIT ANNULLED.**

---

[1] Fraley does not challenge the amount of pecuniary damages on appeal but rather only claimed the victim was not entitled to restitution.