# IN THE COURT OF APPEALS OF IOWA

No. 25-0025
Filed December 17, 2025

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CLARENCE RAY DELMOTT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.

A criminal defendant appeals, challenging the calculation of pecuniary damages. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and David Banta, Assistant Attorney General, for appellee.

Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**BULLER, Judge.**

As part of a global plea agreement, Clarence Delmott pled guilty to possession of a methamphetamine—third or subsequent offense, a class "D" felony in violation of Iowa Code section 124.401(5) (2024), and burglary in the third degree of a motor vehicle, an aggravated misdemeanor in violation of section 713.6A. He appeals, challenging only the amount of pecuniary damages awarded to the victim of the burglary.

Delmott burglarized the victim's vehicle by breaking her window and stealing a purse containing her wallet, store and credit cards, and cash. In her victim impact statement,[1] which was both received by the court and incorporated into the pre-sentence investigation report, the victim reported a loss of approximately $4800—the purse valued at "about" $300; store cards worth $1800; gift cards worth $1000; "about" $1200 cash; and $500 to repair the vehicle and remove broken glass. At sentencing, the court ordered pecuniary damages, which the court understood "to be in the amount of $4900 in this case." The court repeated that $4900 figure in the written judgment.

Delmott did not contest the amount of restitution in any way at the district court. But on appeal, he now claims the pecuniary damages amount is too high,

---

[1] The filed copy of the victim impact statement does not include what appear to be two cell-phone photos attached by the victim. We do not know if they were traditional photographs or perhaps cell-phone photos of documents like a receipt or invoice. We remind county attorneys that use online forms (like Polk County) to ensure all of the information and documents victims provide supporting pecuniary damages are actually filed with the court. And we express no opinion on whether merely filing an online form complies with the State's obligation to furnish a "statement of pecuniary damages" under Iowa Code section 910.3(1).

relying on the minutes of testimony and the $100 discrepancy between the victim impact statement and the figure used by the court.

We generally review challenges to restitution orders for legal error. *See State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "When reviewing the restitution order, we determine whether the court's findings lack substantial evidentiary support, or whether the court has not properly applied the law." *Id.* We afford the district court "broad discretion in determining the amount of restitution when the record contains proof of a reasonable basis from which the amount may be inferred." *State v. Shears*, 920 N.W.2d 527, 530 (Iowa 2018).

Although some restitution challenges may be raised for the first time on appeal, we conclude this one may not. In our published decision *State v. Wagner*, we held that a criminal defendant failed to preserve error when he challenged a pecuniary damages award for the first time on appeal because it was not offset by insurance recovery. 484 N.W.2d 212, 217 (Iowa Ct. App. 1992). We think *Wagner*'s logic controls here and bars review of any unpreserved error. And even if *Wagner* was not on the books, the General Assembly's 2021 amendments to chapter 910 would also bar review, as the legislature has deprived us of authority to review restitution claims when the offender has not "obtained a ruling from the district court prior to the issue being raised in the appellate courts." Iowa Code § 910.7(4); *see State v. Kountkofsky*, No. 22-1401, 2024 WL 702240, at *3 (Iowa Ct. App. Feb. 21, 2024) (applying this provision to pecuniary damages). We also think requiring error preservation here makes sense. If Delmott had challenged restitution below, we would likely see a clear explanation for the $100 discrepancy. But we don't have such a record. And the $100 discrepancy is not such a

departure from the range of evidence that Delmott can show on appeal the district court abused its "broad discretion" or set an amount outside the reasonable range of evidence. *E.g.*, *Shears*, 920 N.W.2d at 530. So even if error preservation was not required, this scarce record would not permit us to reverse.

To the extent any error is properly before us, it is Delmott's claim that the district court abused its discretion by using the restitution figures provided by the victim impact statement as compared to lower figures included in the minutes of testimony. We are not persuaded. Minutes of testimony are statements of expected evidence, typically prepared from police reports and other documents containing second-hand information from crime victims and witnesses. It is unsurprising that more detailed information about financial loss is available when a victim has been able to assess the harm and is not dealing with the immediate aftermath of a crime. It is not an abuse of discretion for the district court to rely on a victim impact statement when determining pecuniary damages—particularly where, as here, the defendant does not contest the amount below.

We last must determine how to dispose of this appeal. In *Wagner* we affirmed the district court. 484 N.W.2d at 217. But *Wagner* pre-dated our modern "good cause" scheme in Iowa Code section 814.6 and involved multiple issues. More recently, "[b]oth the supreme court and our court have consistently . . . held there generally is not 'good cause' to review unpreserved errors." *State v. Schroeder*, No. 24-1547, 2025 WL 1089810, at *1 (Iowa Ct. App. Apr. 9, 2025). Because we reject Delmott's claims on the merits to the extent they are before us, and to be consistent with *Wagner*, we affirm.

**AFFIRMED.**