**IN THE COURT OF APPEALS OF IOWA**

No. 22-0088
Filed April 26, 2023

**IN THE INTEREST OF D.T.,**
    Minor Child,

**D.T., Minor Child,**
    Appellant.
_____

Appeal from the Iowa District Court for Scott County, Michael E. Motto, District Associate Judge.

After being granted discretionary review, a child challenges a juvenile court order granting restitution for his delinquent act. **AFFIRMED.**

Gregory F. Greiner, West Des Moines, for appellant.

Brenna Bird, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**BADDING, Judge.**

After being granted discretionary review, a child challenges a juvenile court order granting restitution for his delinquent act of reckless use of fire in violation of Iowa Code section 712.5 (2021) following entry of a consent decree. Through the lens of an ineffective-assistance-of-counsel claim, the child asserts there was no causal connection between his act and the money that was ordered to be paid to the victim as restitution. We affirm.

## I.      Background Facts and Proceedings

On a summer evening in June 2021, twelve-year-old D.T. was spending the night at a friend's house. They went to a nearby building with some of their other friends. D.T. had "some paper and a lighter, and [he] lit a fire" by the foot of a wooden door to the building. He watched the paper burn until his friend stomped the fire out. D.T. kept lighting papers on fire until he "got bored," then he and his friends stomped it out again and left. D.T. said the fire was extinguished when they left, but later on that night, he saw a fire truck at the building.

The State filed a delinquency petition alleging D.T. committed the delinquent act of second-degree arson. The child pleaded guilty to the lesser-included delinquent act of reckless use of fire, admitting the facts set out above. The juvenile court accepted the plea but withheld adjudication pending consideration of a pre-dispositional report. Once the report was filed, the court held a hearing and approved the parties' request for a consent decree under Iowa Code section 232.46(1)(a). At that hearing, the court also considered the victim's request for restitution. *See* Iowa Code § 232.46(1)(a)(4) (permitting restitution "consisting of a monetary payment to the victim" with a consent decree); *id.* §

915.100(1), (2)(b) (giving a victim a right to recover pecuniary damages under chapter 910 and stating that such right includes having a judge "require a juvenile who has been found to have committed a delinquent act to compensate the victim of that act for losses due to the act"); *see also In re D.R.*, No. 21-0276, 2022 WL 2826008, at *1 (Iowa Ct. App. July 20, 2022) (noting chapter 232 "authorizes imposing a restitution obligation on a juvenile who has committed a delinquent act").

The child only contested the amount due to the victim, so the State called the building's director of operations to testify about the cost of the fire. He said that over the summer,

> [t]here was a fire in the building, I believe it started in a closet next to a bathroom. I was called to the scene in the middle of the night to actually go there and help get the site cleaned up and called some people in to take care of some issues and meet with the fire department and get a custodian there to clean up . . . .

The director of operations estimated the losses from the fire totaled more than $100,000.00, although the owner of the building would only be responsible for paying its insurance deductible of $25,000.00. After hearing that testimony, the child's attorney stated $25,000.00 was "acceptable to [his] client." In view of that concession, the juvenile court's restitution order stated, "The parties ultimately agreed that the $25,000.00 deductible equaled the amount of [r]estitution due," and the court assessed that amount against D.T.

D.T. filed a notice of appeal, which the State sought to dismiss because a "consent decree, like a deferred judgment, is not an appealable final order." *See In re J.J.A.*, 580 N.W.2d 731, 734–36 (Iowa 1998). The child resisted, claiming his attorney was ineffective for "failing to obtain and review relevant evidence" and not

challenging "how D.T.'s admission of reckless use of fire is causally connected to the damage inside" the building. *See State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001) ("Any damages that are causally related to the criminal activities may be included in the restitution order."). He asked the court to either grant a limited remand under Iowa Rule of Appellate Procedure 6.1004[1] or discretionary review of the restitution order. Without ruling on D.T.'s motion for limited remand, the supreme court granted his alternative request for discretionary review.

In his appellate brief, the child argued the juvenile court erred in ordering him to compensate the victim because the record "provides no causal connection between the fire that started outside of the building, and the fire that damaged the structure inside the building." Yet D.T. acknowledged "it is clear from the record that [his] attorney acquiesced to the restitution amount." So, in a one-line statement, he asked:

> If this Court concludes that error was not properly preserved for any reason, the appellant respectfully requests that this issue be preserved as an ineffective assistance of counsel claim pursuant to the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, section 10 of the Iowa Constitution.

We ordered a limited remand under rule 6.1004 for the "court to take additional evidence as to D.T.'s claim that his counsel was ineffective for failing to challenge the causal connection between his delinquent act and the restitution that was ordered." On remand, the juvenile court held a hearing, at which the child's former attorney, the official who investigated the fire, and the child's mother

---

[1] This rule provides: "The appropriate appellate court may on its own motion or on motion of a litigant remand a pending appeal to the district court . . . ." Iowa R. App. P. 6.1004.

testified. After hearing their testimony, the court ruled the child did not meet his burden to prove that his attorney failed to perform an essential duty or that any prejudice resulted from that failure. The court accordingly reaffirmed its prior restitution order.

## II.     Standard of Review

While juvenile delinquency restitution orders are ordinarily reviewed for correction of errors at law, *see D.R.*, 2022 WL 2826008, at *1, we review ineffective-assistance-of-counsel claims de novo, *In re D.L.*, No. 14-1302, 2015 WL 5285658, at *2 (Iowa Ct. App. Sept. 10, 2015).

## III.    Analysis

### A.     Error Preservation

The procedural path this case has taken is full of twists and turns. As mentioned above, D.T. recognized that he may not have preserved error on his restitution challenge because his attorney agreed to the amount that was ordered—though we think the issue is really more a question of waiver rather than preservation of error. *Compare State v. Von Stein*, No. 02-0127, 2002 WL 31883038, at *1 (Iowa Ct. App. Dec. 30, 2002) ("Although trial counsel did not object to the amount of restitution during the sentencing hearing, error was preserved on this issue because no objection is necessary to preserve the issue of sentencing irregularity for appeal."), *with State v. Mischke*, No. 19-1510, 2022 WL 246244, at *6 (Iowa Ct. App. Jan. 27, 2022) (finding the defendant "waived her challenge to the causal connection between her criminal acts . . . and the restitution ordered" where she "largely gave up her challenges during her own testimony and in argument to the court"); *see also Lajeunesse v. State*, No. 21-0817, 2022

WL 1654831, at *3 (Iowa Ct. App. May 25, 2022) ("[F]ailure to preserve error on a claim and waiver thereof are two different things.").

To get past that problem, D.T. asked that the restitution "issue be preserved as an ineffective assistance of counsel claim." But unlike criminal cases, "postconviction relief is not available following delinquency adjudications because the child was neither convicted of nor sentenced for a public offense." *D.L.*, 2015 WL 5285658, at *4 n.3. In past unpublished delinquency appeals with ineffective-assistance claims, a limited remand has been ordered to develop a record and make an initial determination on the claim where the record was not adequate to decide it on direct appeal.[2] *See id.* at *3; *see also In re C.W.*, No. 16-1677, 2017 WL 5185433, at *9 (Iowa Ct. App. Nov. 8, 2017) (McDonald, J., dissenting) ("The process for resolving an ineffective-assistance-of-counsel claim in a delinquency proceeding is for limited remand to the [juvenile] court to create a record on the claim so it can then be resolved on direct appeal."); *In re T.R.*, No. 07-1777, at *1 (Iowa Ct. App. Oct. 15, 2008) (noting that a limited remand is an available outcome if the record is not sufficient to resolve the ineffective-assistance claim on direct appeal); *In re G.G.*, No. 04-0933, 2005 WL 2989681, at *1–2 (Iowa Ct. App. Nov. 9, 2005) (noting the supreme court granted juvenile delinquent's request for a limited remand on her ineffective-assistance claim).

---

[2] We recognize that Iowa Code section 814.7 now requires "[a]n ineffective assistance of counsel claim in a criminal case [to] be determined by filing an application for postconviction relief pursuant to chapter 822" and prohibits deciding such claims "on direct appeal from the criminal proceedings." But we do not believe section 814.7 applies to juvenile delinquency proceedings, which "are not criminal proceedings but are special proceedings that serve as an alternative to a criminal prosecution of the child with the best interest of the child as the objective." *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005).

We concluded that was the appropriate path to follow in this case because, by only challenging and then conceding the amount of damages sought by the State at the restitution hearing, the child's attorney waived the child's challenge to the causal connection between his delinquent act and those damages. *See State v. Schmitt*, No. 20-0701, 2021 WL 374530, at *2 (Iowa Ct. App. Feb. 3, 2021) (noting a defendant "cannot now 'complain of error which he has invited or to which he has assented'" (citation omitted)); *see also Mischke*, 2022 WL 246244, at *6. And, in our order for limited remand, we found the record was not adequate to determine the ineffective-assistance claim on direct appeal.[3] With this procedural background in our rearview mirror, we turn to the merits of the child's claim.

---

[3] We are aware that in *Von Stein*, a panel of this court outright rejected a claim that a criminal defendant's trial counsel was ineffective for failing to challenge the sufficiency of the evidence to support the restitution order in district court. 2002 WL 31883038, at *1. The court in that case reasoned that because section 910.7 "permits an offender to petition the court on any matter related to the plan of restitution or restitution plan of payment at any time during the period of probation, parole, or incarceration," the defendant "clearly suffered no prejudice" from his attorney's failure to object to the restitution ordered by the district court. *Id.*; *accord State v. James*, Nos. 0-326, 99-1104, 2001 WL 23007, at *1 (Iowa Ct. App. Jan. 10, 2001) (concluding defendant was not prejudiced by counsel's failure to object to factual basis for restitution order because "he has an adequate statutory remedy to correct error" in the district court). While we have applied the general restitution provisions of chapter 910 in juvenile delinquency proceedings, *see D.R.*, 2022 WL 2826008, at *1, we have not been able to find a case holding that a section 910.7 hearing is available to a juvenile offender. Nor did any of the parties argue that point. And we note that section 910.7 only allows a hearing during a "period of probation, parole, or incarceration," not "supervision" as used in the delinquency context for consent decrees. *See* Iowa Code § 232.46(1)(a) (allowing the juvenile court to suspend the proceedings, "enter a consent decree, and continue the case under terms and conditions established by the court," which may include "*[s]upervision* of the child by a juvenile court officer" (emphasis added)). *But see In re J.J.A.*, 580 N.W.2d 731, 785 (Iowa 1998) (analogizing "supervision" in the juvenile context to "probation" in the criminal context). Since it was not entirely clear that D.T. could have pursued a section 910.7 hearing, as was the case in *Von Stein* and *James*, we felt it was better to resolve his ineffective-assistance claim with the benefit of a record on the issue.

**B.** **Merits**

"A child adjudicated to be delinquent has the right to the assistance of counsel at dispositional hearings," which "necessarily implies that counsel be effective." *In re M.L.*, 868 N.W.2d 456, 459–60 (Iowa Ct. App. 2015). "Because juvenile proceedings are civil not criminal, the right is guaranteed by the due process clause rather than the sixth amendment." *Id.* We nevertheless apply "the *Strickland* test for effective assistance of counsel . . . in the juvenile delinquency context." *Id.*; *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish an ineffective-assistance-of-counsel claim, the child must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) he suffered prejudice as a result. *C.W.*, 2017 WL 5185433, at *3. "The claim fails if either prong is not proved." *Id.* On our de novo review of the record, we agree with the juvenile court that the child's claim fails on the prejudice prong of the analysis.

To get to that conclusion, we start with the restitution framework underlying D.T.'s claim. "We apply the restitution provisions of chapter 910 in juvenile delinquency proceedings." *D.R.*, 2022 WL 2826008, at *1. Under those provisions, the State bears the burden of proving the amount owed to a victim by a preponderance of the evidence. *Bonstetter*, 637 N.W.2d at 168. "In calculating a restitution order, the district court must find a causal connection between the established criminal act and the injuries to the victim." *Id.* In other words, the "damage must have been caused by the offender's criminal act to justify the restitution order." *Id.*

In a supplemental brief filed with this court after the remand hearing, D.T. argues his attorney "should have consulted with a fire expert to rebut or explain the State's case theory to determine the causal connection between D.T.'s actions and the fire that caused the damage." He also argues his attorney "did not request or review a video of the crime scene" or "investigate the possibility of additional suspects who could have started the building fire or breached the door and spread fire inside the building." But other than generally stating that he "was prejudiced because of those breaches," D.T. does not explain how the result of the restitution proceeding would have been different if his attorney had performed these actions. *See D.L.*, 2015 WL 5285658, at *7 ("[T]o demonstrate prejudice, [the child] must show a 'reasonable probab[ility] that the result of the proceeding would have been different' if counsel had performed her essential duty; put another way, our confidence in the outcome of the proceeding must be undermined." (third alteration in original) (quoting *State v. Schaer*, 757 N.W.2d 630, 637 (Iowa 2008))).

Lieutenant Sonny Alvarez testified at the remand hearing that he investigated the fire at the building in June 2021. Lieutenant Alvarez has been a fire investigator for about twelve years, during which he has investigated "[h]undreds of fires." He took multiple photos of the fire scene when he arrived at the building, which showed burnt notebook paper "behind the bushes on the back of the [building]," "right outside of the [wood] door, and then along the building to the west, too." Based on the "burnt paper and remnants on the outside of the building," Lieutenant Alvarez determined the fire started at the bottom of the wood door, "which then in turn caught a closet on fire, which then in turn caused smoke damage to the bathroom." Lieutenant Alvarez explained the bathroom was next

to the closet that was "just on the back side of the door that was on fire." During his investigation, Lieutenant Alvarez "eliminated all [other] probable sources of ignition."

The child presented no expert testimony to counter this conclusion at the restitution hearing. *See Babcock v. State*, No. 19-1035, 2021 WL 603229, at *3–4 (Iowa Ct. App. Jan. 21, 2021) (finding counsel was not ineffective where the defendant failed to show a defense expert would have helped his defense). And the conclusion tracked what D.T. said he did when pleading guilty to the delinquent act of reckless use of fire: "I had a piece of paper, some paper and a lighter, and I lit a fire" at the foot of a wooden door to the building.

While D.T. faults his attorney for not investigating other suspects, the child said the friends who were with him that evening did not "participate in the lighting of the fire." As a result, D.T.'s attorney testified at the remand hearing that he did not think it was "necessary to talk to other individuals since he stated himself he was the one who lit the fire." *See Ledezma v. State*, 626 N.W.2d 134, 145 (Iowa 2001) ("There is no need to investigate a particular matter . . . if the defendant has given counsel a reason to believe the investigation would be fruitless or unwarranted."). The attorney also testified that he did not think it was necessary to review a video from a nearby surveillance camera because the "photographs were so convincing." No evidence counters that assumption because D.T. did not offer the video as an exhibit at the remand hearing. *See Reeves v. State*, No. 21-1997, 2023 WL 1811137, at *3 (Iowa Ct. App. Feb. 8, 2023) (finding that because a postconviction relief applicant "did not produce the allegedly exculpatory

Facebook messages" at the postconviction relief hearing, the applicant could not prove prejudice from counsel's alleged failure to get the messages).

That leaves D.T. with the statement in Lieutenant Alvarez's preliminary investigative report that "the door to the structure had been forced open" before extinguishment of the fire. The child's questioning of Lieutenant Alvarez implied that someone else had forced the door to the building open after D.T. left and started the fire inside because D.T. would not have been strong enough to force the door open by himself. But Lieutenant Alvarez testified that he believed the door was most likely forced open by the fire department to gain access to the building to extinguish the fire inside. He was also clear that his investigation showed the fire started *outside* the building from burnt paper at the bottom of the wood door, not inside the building.

The child's conclusory statement that "[b]ut for counsel's errors, the result of the proceeding would have been different" is not enough to undermine our confidence in the outcome of the restitution hearing in this case. *See D.L.*, 2015 WL 5285658, at *7. Because nothing in the new record developed on remand shows a different outcome would have been reached had counsel performed in the way D.T. wanted, *see id.*, we find no prejudice resulted from those alleged breaches of duty and affirm the juvenile court's restitution order.

**AFFIRMED.**